UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHERYL E.,[1]

       Plaintiff,

  v.                                                                                              1:20-cv-667-LJV
                                                                                                   DECISION & ORDER
COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____

On March 25, 2013, the plaintiff, Cheryl E. ("Cheryl"), brought this action under the Social Security Act ("the Act"). She seeks review of the determination by the Commissioner of Social Security ("Commissioner") that she was not disabled.[2]  Docket Item 1.  On January 30, 2021, Cheryl moved for judgment on the pleadings, Docket Item 12; on March 25, 2021, the Commissioner responded and cross-moved for

---

[1] To protect the privacy interests of Social Security litigants while maintaining public access to judicial records, this Court will identify any non-government party in cases filed under 42 U.S.C. § 405(g) only by first name and last initial.  Standing Order, Identification of Non-government Parties in Social Security Opinions (W.D.N.Y. Nov. 18, 2020).

[2] Cheryl applied for both Social Security Income ("SSI") and Disability Insurance Benefits ("DIB").  One category of persons eligible for DIB includes any adult with a disability who, based on her quarters of qualifying work, meets the Act's insured-status requirements.  *See* 42 U.S.C. § 423(c); *see also Arnone v. Bowen*, 882 F.2d 34, 37-38 (2d Cir. 1989).  SSI, on the other hand, is paid to a person with a disability who also demonstrates financial need.  42 U.S.C. § 1382(a).  A qualified individual may receive both DIB and SSI, and the Social Security Administration uses the same five-step evaluation process to determine eligibility for both programs.  *See* 20 C.F.R §§ 404.1520(a)(4) (concerning DIB); 416.920(a)(4) (concerning SSI).

judgment on the pleadings, Docket Item 13; and on May 5, 2021, Cheryl replied, Docket Item 15.

For the reasons stated below, this Court grants Cheryl's motion in part and denies the Commissioner's cross-motion.[3]

## **BACKGROUND**

Cheryl first filed for benefits on March 25, 2013. Docket Item 9 at 189, 191. She originally alleged disability beginning on February 17, 2010, but then amended her alleged onset date to be April 11, 2014. *Id.* at 183. On May 27, 2016, the ALJ issued a decision denying her claim, *id.* at 17-30, and on May 22, 2017, the Appeals Council denied Cheryl's request for review of the ALJ's decision, *id.* at 7-11.

Cheryl then sought review in this Court, and the matter was remanded by stipulation. *Id.* at 632-34. On remand, the Appeals Council vacated the ALJ's decision and sent the case back to the ALJ. *Id.* at 635-640. The Appeals Council specifically directed the ALJ to "[g]ive further consideration to the claimant's maximum residual functional capacity ['RFC']"[4] and, in doing so, to "evaluate the non[-]treating source opinions . . . and explain the weight given to such opinion evidence." *Id.* at 639. On

---

[3] This Court assumes familiarity with the underlying facts, the procedural history, and the decision of the Administrative Law Judge ("ALJ") and will refer only to the facts and procedural history necessary to explain its decision.

[4] A claimant's RFC "is the most [she] can still do despite [her] limitations," 20 C.F.R. § 416.945, "in an ordinary work setting on a regular and continuing basis," *see Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 86–8, 1986 WL 68636, at *8 (Jan. 1, 1986)). "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.*

February 4, 2020, the ALJ again found that Cheryl was not disabled.  *See* Docket Item 89 at 555-572.  Cheryl then sought this Court's review for a second time.

## **STANDARD OF REVIEW**

"The scope of review of a disability determination . . . involves two levels of inquiry."  *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987).  The court "must first decide whether [the Commissioner] applied the correct legal principles in making the determination."  *Id.*  This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (alterations omitted) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)).  Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'"  *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)).  "Substantial evidence" means "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  "Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."  *Johnson*, 817 F.2d at 986.

**DISCUSSION**

Cheryl argues that the ALJ erred by failing to comply with the Appeals Council's remand order to "evaluate the non[-]treating source opinions and explain the given weight." Docket Item 12-1 at 19. More specifically, she argues that "the ALJ did not even weigh or discuss" the medical opinion of Hongbiao Liu, M.D. *Id.* at 24. This Court agrees that the ALJ erred and, because that error was to Cheryl's prejudice, remands the matter to the Commissioner for proper consideration of Dr. Liu's opinion.

When determining a plaintiff's RFC, an ALJ must evaluate every medical opinion received "[r]egardless of its source." 20 C.F.R. § 404.1527(c), 416.927(c). An ALJ generally should give greater weight to the medical opinions of treating sources[5]—physicians, psychologists, optometrists, podiatrists, and qualified speech-language pathologists who have "ongoing treatment relationship[s]" with the claimant—because those medical professionals are in the best positions to provide "detailed, longitudinal picture[s] of [the claimant's] medical impairments." *See* 20 C.F.R. §§ 404.1527(a)(2), (c)(2); *see also Genier v. Astrue*, 298 F. App'x 105, 108 (2d Cir. 2008) (summary order).

---

[5] Cheryl does not claim that Dr. Liu is a treating source; in fact, she describes Dr. Liu's examination as "a physical assessment for employability determination." Docket Item 12-1 at 11. Dr. Liu's opinion therefore is not entitled to "controlling weight" under the "treating physician" rule. *See* 20 C.F.R. § 404.1527(c)(2), 416.927(c)(2). Nevertheless, because Dr. Liu offered a "medical opinion"—that is, a statement from an acceptable medical source that "reflect[s] judgments about the nature and severity of [the claimant's] impairment(s), including [] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [] physical or mental restrictions," 20 C.F.R. § 404.1527(a)(1), 416.927(a)(1)—the ALJ was obligated to apply the section 404.1527(c) and 416.927(c) factors and to assign weight to Dr. Liu's opinion. And that is especially so given the Appeals Council's direction to evaluate and weigh non-treating source opinions.

4

But an ALJ must at least consider the opinions of "other sources," 20 C.F.R. § 404.1527(c), 416.927(c), even if the ALJ is "free to discount" such opinions "in favor of the objective findings of other medical doctors," *see Genier*, 298 F. App'x at 108-09. And the ALJ should explain the weight assigned to the opinions of "other sources" that "may have an effect on the outcome of the case." 20 C.F.R. § 404.1527(f)(2), 416.927(f)(2).

Here, the Appeals Council underscored those rules by explicitly directing the ALJ to revisit Cheryl's RFC and, "[i]n so doing, evaluate the non[-]treating source opinions . . . and explain the weight given to such opinion evidence." Docket Item 9 at 639. Under the Commissioner's regulations, an ALJ must "take any action that is ordered by the Appeals Council." 20 C.F.R. § 404.977(b). In fact, "an 'ALJ's failure to comply with the Appeals Council's order constitutes legal error.'" *Purpura v. Comm'r of Soc. Sec.*, 2020 WL 6128038, at *2 (W.D.N.Y. Oct. 19, 2020) (quoting *Scott v. Barnhart*, 592 F. Supp. 2d 360, 371 (W.D.N.Y. 2009)); *see also Lee v. Barnhart*, 2006 WL 3370524, at *9, *12 (W.D.N.Y. Nov. 16, 2006) (citing 20 C.F.R. § 404.977(b)) (remanding after concluding that "the ALJ failed to fully comply with the Appeals Council's order").

But despite the explicit direction of the Appeals Council here, and despite the rules behind it, the ALJ formulated Cheryl's RFC without even mentioning Dr. Liu or Dr. Liu's opinion. That was error both because it failed to follow the explicit direction of the Appeals Council and because it contravened the rules behind that direction.[6] Because

---

[6] Although the ALJ was not required to give Dr. Liu's opinion controlling weight, he was required at least to acknowledge and evaluate it in light of the 20 C.F.R. § 404.1527(c) and 416.927(c) factors. *See Tolliver v. Astrue*, 2013 WL 100087, at *3 (W.D.N.Y. Jan. 7, 2013). The "ALJ['s] failure to discuss, or even acknowledge, [Dr. Liu's medical

5

the ALJ erred, the question is whether the result would be the same had the error not been made—that is, whether a careful review of the record assures this Court that "application of the correct legal principles could lead [only to the same] conclusion." *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) (quoting *Johnson*, 817 F.2d at 986). This Court finds no such assurance here.

In fact, because Dr. Liu's opinions conflicted with the RFC in significant ways, the RFC may well have been different had the ALJ considered it. The ALJ found that Cheryl could do light work,[7] Docket Item 9 at 561, which means walking and standing for "about 6 hours in an 8-hour workday," *see Judith S. v. Comm'r of Soc. Sec.*, 2022 WL 167533, at *5 (W.D.N.Y. Jan. 19, 2022) (citing SSR 83-10), or "sitting most of the time with some pushing and pulling of arm or leg controls," 20 C.F.R. § 404.1567(b), 416.967(b). But Dr. Liu opined that Cheryl can stand or walk for only one to two hours ("very limited"); sit for only two to four hours ("moderately limited"); and push, pull, or bend for only two to four hours ("moderately limited"). *See* Docket Item 9 at 727-28.[8]

---

opinion] was legal error." *Christopher M. V. v. Comm'r of Soc. Sec.*, 2021 WL 804258, at *4 (W.D.N.Y. Mar. 3, 2021)

[7] More precisely, the ALJ found that Cheryl had the RFC to perform light work with a few non-exertional exceptions: he found that Cheryl could "occasionally tolerate exposure to respiratory irritants" and "occasionally interact with the public, but . . . ha[d] no limitations in the ability to with [sic] coworkers or supervisors." Docket Item 9 at 561-62. The physical requirements of light work generally include "a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b), 416.967(b).

[8] The ALJ's excluding Dr. Liu's sitting, standing, and walking limitations is particularly troubling. "When the record indicates that a [claimant] has significant limitations with regard to h[er] ability to sit for extended periods of time, the ALJ should engage in a detailed discussion concerning [the claimant's] restrictions." *Overbaugh v. Astrue*, 2010 WL 1171203, at *9 (N.D.N.Y. Mar. 22, 2010). Under such circumstances, the RFC "must be specific as to the frequency of the individual's need to alternate

He also found that Cheryl's use of a "walker is medically necessary to limit pain." *Id.* at 727.  So if the ALJ had weighed Dr. Liu's opinion, that may well have changed the RFC and resulted in a finding that Cheryl was disabled.  And that requires remand.  *See Manuel v. Comm'r of Soc. Sec.*, 2020 WL 2703442, at *4 (May 26, 2020) (remanding where the ALJ failed to consider an opinion that "could have resulted in a finding of disability . . . if given weight by the ALJ").

The Commissioner argues that because the ALJ rejected limitations similar to those found by Dr. Liu, any error was harmless.  Docket Item 13-1 at 14.  The Commissioner observes, for example, that the ALJ gave little weight to a state agent's opinion that Cheryl could "perform sedentary work with two hours total of standing or walking." *Id.* at 15.  The ALJ reasoned that this finding was inconsistent with Cheryl's "mild clinical abnormalities" and with her "reported activities of daily living," Docket Item 9 at 570, and the Commissioner suggests that just as the ALJ discounted the opinion of the state agent, he would have discounted Dr. Liu's similar opinion as well, Docket Item 13-1 at 14-16 .

The Commissioner's argument fails for several reasons.  First, the state agent's opinion that the ALJ discounted was rendered in September 2013, *see id.* (citing *id.* at 79-104), while Dr. Liu's opinion was rendered more than five years later, *see id.* at 729.

---

[between] sitting and standing."  SSR 96-9p, 1996 WL 374185, at *7 (July 2, 1996); *see also Overbaugh*, 2010 WL 1171203, at *9 ("Even though the treating physician set forth restrictions regarding [the claimant's] need to alternate between sitting and standing, SSR 96-9p and caselaw clearly dictate that the ALJ had a duty to specify the extent of the limitation.").  That is because a claimant's need to alternate between sitting and standing "may erode the occupational base"—for example, by making even sedentary or light work impossible to perform.  *See Overbaugh*, 2010 WL 1171203, at *9 (citing *Iannopollo v. Barnhart*, 280 F. Supp. 2d 41, 50 (W.D.N.Y. 2003)).

Second, Dr. Liu actually examined Cheryl while the state agent only reviewed her records.  *Compare id.* at 726-27 *with id.* at 80-83, 93-95.  Third, Dr. Liu is a physician, *see id.* at 729, but there is no indication that the state agent is likewise, *see id.* at 91, 98, 100, 102, 104.  For any of those reasons, the ALJ might well have given Dr. Liu's opinion more weight had he considered it.  And fourth, even if all that were not true, Dr. Liu's opinion was consistent with the opinion of the state agent, so if the ALJ considered Dr. Liu's opinion, he might well not have discounted the state agent's opinion the way he did.

In sum, the ALJ erred in not considering Dr. Liu's opinion.  Had he not so erred, that might well have resulted in his finding that Cheryl was disabled.  For that reason, this Court remands the matter so that the ALJ can address and consider Dr. Liu's opinion.[9]

---

[9] This Court "will not reach the remaining issues raised by [Cheryl] because they may be affected by the ALJ's treatment of this case on remand."  *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); *see also Bonet ex rel. T.B. v. Colvin*, 2015 WL 729707, at *7 (N.D.N.Y. Feb. 18, 2015).

## CONCLUSION

The Commissioner's motion for judgment on the pleadings, Docket Item 13, is DENIED, and Cheryl's motion for judgment on the pleadings, Docket Item 12, is GRANTED in part and DENIED in part. The decision of the Commissioner is VACATED, and the matter is REMANDED for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated:    March 2, 2022
          Buffalo, New York

                                        */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE